STATE v. JAHN

[342 N.C. 176 (1995)]

—————————

STATE OF NORTH CAROLINA v. JOHN FREDERICK JAHN

No. 557A94

(Filed 3 November 1995)

**Homicide § 253 (NCI4th)— first-degree murder—noncapital prosecution—premeditation and deliberation**

There was sufficient evidence of premeditation and deliberation in a noncapital first-degree murder prosecution where the evidence tended to show that, prior to the killing, defendant had been released from jail and desired to see his former girlfriend but lacked the transportation and the money to do so; he stole the car of a pizza delivery man; when the car stalled, defendant discovered a loaded gun in the glove compartment and removed it from the car; the victim offered defendant a ride, and defendant had the victim drive him to various locations in an attempt to obtain money and find his girlfriend; when defendant failed to get money and failed to find his girlfriend, he had the victim drive him down a secluded road; defendant shot the victim in the back of the neck after striking him on the head with the pistol at least seven times; and defendant then took the victim's car and drove away to resume his search for his girlfriend but later returned to move the victim's body. The number and nature of the wounds and the fatal shooting of the victim after he had been felled is also evidence tending to show premeditation and deliberation.

**Am Jur 2d, Homicide § 425.**

STATE v. JAHN

[342 N.C. 176 (1995)]

Appeal as of right pursuant to N.C.G.S. § 7A-27(a) from a judgment imposing a sentence of life imprisonment entered by Downs, J., on 8 June 1994 in Superior Court, Catawba County, upon a jury verdict finding defendant guilty of first-degree murder. Heard in the Supreme Court on 13 October 1995.

*Michael F. Easley, Attorney General, by R. Kendrick Cleveland, Associate Attorney General, for the State.*

*J. Matthew Martin for defendant-appellant.*

MITCHELL, Chief Justice.

Defendant was tried capitally upon an indictment charging him with the first-degree murder of Sean A. Burrow. The State's evidence tended to show that on the evening of 4 October 1993, defendant beat Burrow about the head with a pistol and then shot and killed him. At about 2:30 p.m. that day, defendant had been released from jail. Defendant was in need of both money and transportation. He was able to get a ride to Hickory and while there attempted to collect some money owed to him by some friends. At about 5:30 p.m., defendant stole the car of a Domino's Pizza delivery man. The stolen car, however, broke down at a Handy-Dandy store. Defendant took a loaded nine-millimeter pistol and ammunition from the glove compartment of the car. At about that time, Burrow approached defendant and offered him a ride.

Burrow drove defendant to see defendant's former girlfriend, Lisa Clark, but she was not at home. Defendant and Burrow then went to see Billy Branch, an acquaintance of defendant's. Defendant showed the gun to Branch. Defendant also attempted to collect some money owed to him by Branch's uncle, but was unsuccessful. At around 7:30 p.m., defendant instructed Burrow to drive him down Chicken-Man Road, a secluded, sparsely populated road in rural Catawba County. Defendant then "pistol-whipped" Burrow and shot him in the back of the neck at point-blank range. Defendant fled the scene in Burrow's car.

The jury found defendant guilty of first-degree murder and, in a separate capital sentencing proceeding, recommended a life sentence. The trial court entered sentence accordingly.

Defendant's only assignment of error is that the trial court erred in denying his motion to dismiss the charge of first-degree murder at

the close of all of the evidence. Defendant contends that there was insufficient evidence to show premeditation and deliberation.

When ruling on a motion to dismiss, the trial court must view the evidence in the light most favorable to the State and must give the State every reasonable inference to be drawn from the evidence. *State v. Quick*, 329 N.C. 1, 405 S.E.2d 179 (1991). First-degree murder is the unlawful killing of another human being with malice, premeditation and deliberation. N.C.G.S. § 14-17 (1993); *State v. Bonney*, 329 N.C. 61, 77, 405 S.E.2d 145, 154 (1991). "Premeditation means that the act was thought out beforehand for some length of time, however[] short; but no particular amount of time is necessary for the mental process of premeditation." *State v. Gladden*, 315 N.C. 398, 430, 340 S.E.2d 673, 693, *cert. denied*, 479 U.S. 871, 93 L. Ed. 2d 166 (1986). Deliberation is an intent to kill carried out in a "cool state of blood" without the influence of a violent passion or a sufficient legal provocation. *State v. Olson*, 330 N.C. 557, 564, 411 S.E.2d 592, 595 (1992).

There is sufficient evidence of premeditation and deliberation in the present case to support defendant's first-degree murder conviction. The evidence tended to show that prior to the killing, defendant had been released from jail and desired to see his former girlfriend, Lisa Clark. Defendant, however, lacked the transportation and the money to do so. Therefore, defendant stole the car of a pizza delivery man. When the car stalled, defendant discovered a loaded gun in the glove compartment and removed it from the car. Burrow offered defendant a ride, and defendant had Burrow drive him to various locations in an attempt to obtain money and find Ms. Clark. When defendant failed to get money and failed to find Ms. Clark, he had Burrow drive him down a secluded road. There, defendant shot Burrow in the back of the neck after striking him on the head with the pistol at least seven times. Defendant then took Burrow's car and drove away to resume his search for Ms. Clark. Defendant later returned to move Burrow's body.

The number and nature of the wounds and the fatal shooting of Burrow after he had been felled is also evidence tending to show premeditation and deliberation. Dr. Vogel, who performed the autopsy, testified that Burrow suffered from five "rather deep" lacerations caused by "severe heavy blows" to Burrow's face and the back of the head. The wounds were severe enough to be potentially fatal if left untreated. Burrow's death, however, was not caused by the repeated blows he suffered, but by a gunshot wound. The evidence tended to

show that after Burrow had been felled, defendant held the pistol to the middle of the back of Burrow's neck and fired. Based on this evidence, the jury could reasonably find that defendant killed the victim after premeditation and deliberation. This assignment of error is overruled.

For the foregoing reasons, we conclude that defendant received a fair trial free of prejudicial error.

NO ERROR.